IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| BRYAN E. JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-507-A |
| | § | |
| FEDERAL HOME LOAN MORTGAGE | § | |
| CORPORATION, ET AL., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now pending in the above-captioned action are the motion to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6) and motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed by defendants, Federal Home Loan Mortgage Corporation (as characterized by the parties, "Freddie Mac") and Chase Home Finance, LLC ("Chase").[1] Plaintiff, Bryan E. Jackson, filed

---

[1] Defendants removed the case to federal court on the basis of diversity of citizenship, alleging that the parties are citizens of different states and that the amount in controversy exceeds $75,000 exclusive of interest and costs. The court does not agree with defendants' contentions as to the amount in controversy. However, the presence of Federal Home Loan Mortgage Corporation as a defendant vests original jurisdiction in this court. 12 U.S.C.A. § 1452(f) ("[A]ll civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value....").

nothing in response to the motions. Having considered the motions, plaintiff's state court petition, and applicable legal authorities, the court concludes that the motion to dismiss should be granted, and the motion for judgment on the pleadings denied as moot.

I.

Plaintiff's Claims

Plaintiff initiated this removed action by the filing on July 11, 2011, of a petition in the district court of Tarrant County, Texas, 153rd Judicial District. The petition makes the following factual allegations:

Plaintiff on July 16, 2007, executed a note and deed of trust for the purchase of property located in Keller, Texas. The deed of trust was in the property records of Tarrant County, Texas.

Chase is a part of the Mortgage Electronic Registration System ("MERS"). The original promissory note signed by plaintiff on July 16, 2007, was processed through MERS "thereby causing a bifurcation of the original deed of trust and original promissory note," causing the note to become unsecured. Notice of Removal, Ex. C-1 at 3. On July 2, 2010, plaintiff sued Chase in state court, attempting to enjoin a foreclosure sale scheduled

for July 6, 2010. Chase removed the case to federal court, where it was dismissed. Prior to the removal, plaintiff obtained a temporary restraining order enjoining Chase from selling the property at the July 6, 2010, foreclosure sale. Despite the restraining order, Chase foreclosed and sold the property to Freddie Mac.[2] Freddie Mac, in turn, sued plaintiff for forcible detainer.

The purpose of the temporary restraining order sought by the state court petition and obtained by plaintiff was to restrain Freddie Mac from taking possession of the property and evicting plaintiff. Plaintiff remains in possession of the property.

Plaintiff asserted claims and causes of action for violation of the Texas Property Code and for wrongful foreclosure, and also sought injunctive relief.

## II.

### Standards Applicable to a Motion to Dismiss

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but

---

[2]The petition actually alleged that Chase sold the property to "Fannie Mae." Notice of Removal, Ex. C-1 at 3. Fannie Mae is a common moniker for the Federal National Mortgage Association. It appears the inclusion of Fannie Mae in the petition was an error, and that plaintiff intended to allege the property was sold to Freddie Mac.

whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In evaluating whether a complaint states a viable claim sufficient to survive a motion to dismiss, the court construes the allegations of the complaint favorably to the pleader. Id. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

Not only must a complaint plead facts instead of conclusions, but the facts pleaded must show that the plaintiff's right to relief is plausible. Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949. A plaintiff must allege sufficient facts to "nudge[] [his] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

III.

Analysis

A. Claim for Violation of the Texas Property Code

Plaintiff bases his claim for violation of the Texas Property Code on his contention that "all transfers of the deed of trust and promissory note were not property [sic] effectuated." Notice of Removal, Ex. C-1 at 4. Plaintiff also contended that he "has reason to believe that the mortgagee listed on the Notice of Foreclosure Sale was not the holder of the original Note at the time of sale." Id. The difficulty for plaintiff is that he has alleged no factual allegations to support his contentions.

Although plaintiff alleges that the original deed of trust and promissory note became bifurcated as a result of processing through MERS, he does not allege how this circumstance violated any provision of the Texas Property Code. Nor does the petition even identify or reference the Property Code provisions defendants have allegedly violated.

Likewise, plaintiff's allegation that the mortgagee was not the holder of the note at the time of the foreclosure sale is lacking any factual support in the petition. The petition contains no factual allegations as to the identity of the

mortgagee or that otherwise support the conclusion that the mortgagee was not the holder of the note. Plaintiff has thus failed to allege anything as would state a claim for any violation of the Texas Property Code.

B.   Plaintiff's Claim for Wrongful Foreclosure

Plaintiff alleged that Chase wrongfully foreclosed because it sold the property on July 6, 2010, despite the entry by the state court on July 2, 2010, of a temporary restraining order prohibiting such sale.

To prevail on a claim for wrongful foreclosure requires a showing of "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.--Corpus Christi 2008, no pet.) (citing Charter Nat'l Bank--Houston v. Stevens, 781 S.W.2d 368, 371 (Tex. App.--Houston [14th Dist.] 1989, writ denied)). Allegations only of a defect in the foreclosure proceedings are insufficient; rather, it is also necessary that an inadequate selling price resulted from the defect. Peterson v. Black, 980 S.W.2d 818, 823 (Tex. App.--San Antonio 1998, no pet.). Additionally, in a claim for wrongful foreclosure, recovery is dependent on the plaintiff's loss of

possession; individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure. See id.

Plaintiff's allegation that Chase sold the property at foreclosure despite knowing about the temporary restraining order could allege a defect in the foreclosure proceedings. Such allegation, however, fails to rescue plaintiff's claim from dismissal, because plaintiff has pleaded no facts alleging an inadequate selling price. The petition, in fact, is silent as to that topic. Likewise, the petition alleged that plaintiff has retained possession of the property, thus precluding his claim for wrongful foreclosure. See id.; see also Marquez v. Fed. Nat'l Mortg. Ass'n, No. 3:10-CV-2040-L, 2011 WL 3714623 (N.D. Tex. Aug. 23, 2011) (dismissing for failure to state a claim wrongful foreclosure claim where plaintiff failed to allege inadequate selling price and retained possession of his property); White v. BAC Home Loans Serv., LP, No. 3:09-CV-2484-G, 2010 WL 4352711 (N.D. Tex. Nov. 2, 2010) (same). Plaintiff has failed to allege a claim for wrongful foreclosure.

C.   Request for Temporary Restraining Order

To obtain injunctive relief, plaintiff is required to plead and prove, inter alia, "a substantial likelihood of success on the merits." DSC Commc'ns Corp. v. DGI Techs., Inc., 81 F.3d

597, 600 (5th Cir. 1996). Plaintiff makes only the conclusory assertion that he is likely to prevail on the merits of his suit. Inasmuch as the court has concluded dismissal of plaintiff's claims and causes of action is warranted, plaintiff cannot establish any likelihood of success on the merits, thus requiring dismissal of his request for injunctive relief.

* * * * *

The court concludes that plaintiff has failed to allege sufficient facts as would state a claim for relief against either defendant. Because the court concludes that the motion to dismiss for failure to state a claim for relief should be granted, it need not consider defendants' motion for judgment on the pleadings.

Therefore,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that defendants' motion for judgment on the pleadings be, and is hereby, denied as moot.

The court further ORDERS that all claims and causes of action asserted by plaintiff, Bryan E. Jackson, against

defendants, Chase and Freddie Mac, be, and are hereby, dismissed with prejudice.

    SIGNED September 1, 2011

_____
JOHN McBRYDE
United States District Judge